IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-01417-WDM-PAC

MAVERICK RECORDING COMPANY, et al.,

    Plaintiffs,

v.

DOES 1-21,

    Defendants.

_____

**ORDER**
_____

Miller, J.

This matter is before me on the motion of John Doe #2 to quash due to lack of personal jurisdiction, filed September 9, 2005. Having considered the motion, the affidavit supporting it, and Plaintiffs' response, I conclude that the motion to quash should be denied.

Background

On July 28, 2005, Plaintiffs filed a complaint for copyright infringement against twenty-one John Doe defendants ("Defendants"). The complaint alleged that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 101 *et seq.* However, Plaintiffs were only able to identify Defendants with an unique Internet Protocol ("IP") address; they did not know Defendants' names or any other identifying information.

Consequently, Plaintiffs sought permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Adelphia Communications Corp. ("Adelphia"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. By Order of August 9, 2005, I authorized Plaintiffs to serve a subpoena on Adelphia pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.[1]

## Motion to Quash

John Doe #2 now moves to quash Defendants' subpoena, claiming that this Court lacks personal jurisdiction over him. This motion, however, is premature because issues regarding personal jurisdiction can be adequately addressed after the unknown defendant is identified. *Elektra Entm't Group, Inc. v. Does 1-9*, No. 04 Civ. 2289(RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004). Indeed, courts routinely grant limited discovery to plaintiffs facing personal jurisdiction challenges. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1076 n.4 (10th Cir. 1995); *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

---

[1] A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network. *See* Webopedia, *at* http://www.webopedia.com/TERM/M/MAC_address.html (accessed Apr. 5, 2004).

Accordingly, it is ordered:

1. John Doe #2's motion to quash due to lack of personal jurisdiction, filed September 9, 2005 (Docket No. 10), is denied.

2. Plaintiffs shall serve Adelphia Communications Corp. with a copy of this Order.

3. Adelphia Communications Corp. shall provide the information requested in Plaintiffs' subpoena regarding the identity of John Doe #2 within ten days of receipt of this Order.

DATED at Denver, Colorado, on January 25, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge